THOMAS C. MUNDELL
Pro hac vice
MUNDELL, ODLUM & HAWS, LLP
2829 Townsgate Road, Suite 102
Westlake Village, CA  91361
(805) 446-2221

ALICE CAMPOS MERCADO
Nevada Bar No. 4555
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street,Third Floor
Reno, Nevada 89519
(775) 786-6868

Attorneys for Defendant/Counterclaimant
AGL Manufacturing LTD

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GLOBE TURBOCHARGER SPECIALTIES, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AGL MANUFACTURING, LTD., a Canadian business entity; and DOES 1 through 5, <br><br> Defendants <br> _____ <br><br> AGL MANUFACTURING, LTD., a Canadian business entity, <br><br> Counterclaimant, <br><br> vs. <br><br> GLOBE TURBOCHARGER SPECIALITIES, INC., a Nevada corporation, <br><br> Counterdefendant. <br> _____ | CASE NO:  3:08-cv-00051-ECR-RAM <br><br> **STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON** |

**RECITALS**

A.   Plaintiff Globe Turbocharger Specialities, Inc. ("Globe") has been ordered to produce to defendant AGL Manufacturing, Ltd. ("AGL") certain documents which Globe alleges contain its trade secrets and/or proprietary confidential information.

B.   AGL has been ordered to produce to Globe certain documents relating to AGL's sales of turbocharger parts to customers other than Globe, including drawings and sales records, which documents AGL alleges contain its confidential proprietary information or information which AGL is contractually bound to maintain in confidence.

C.   Following the parties' production of documents pursuant to Paragraphs A and B and a limited deposition of Jack Guo in Vancouver, B.C., the parties will participate in a settlement conference before Magistrate Judge Robert A. McQuaid, Jr.

D.   The parties, pursuant to the court's order of August 3, 2009, have met and conferred over the scope of a stipulated protective order and have reached agreement as to its provisions.

**STIPULATION**

NOW THEREFORE, THE PARTIES HERETO, BY AND BETWEEN THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.   The parties may designate as "CONFIDENTIAL INFORMATION" (by labeling same or by stamping thereon) the documents being produced pursuant to Paragraphs A and B.

2.   Unless and until the court rules otherwise or the parties otherwise agree in writing, access to or disclosure of such CONFIDENTIAL INFORMATION shall be restricted prior to trial of this action to:

a.   The Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

b.   The attorneys for the parties and the employees and office support staff of such attorneys;

c.   If and only if this case does not settle at the settlement conference contemplated by Paragraph C, independent experts or consultants for the parties or under serious consideration for such employment (together with their stenographic and clerical personnel) whose advice and consultation are being or will be used by the parties in connection with this litigation, provided that such consultant or expert first signs an undertaking to be bound by the provisions of this protective order in the form attached hereto as Exhibit A.

d.   Court reporters employed in connection with this litigation; and

e.   Deponents, during the course of a deposition, provided that the deponent is an employee or agent of plaintiff or defendant, or that the deponent is an author, direct recipient or copy recipient of such material, or that the deponent already knows the particular CONFIDENTIAL INFORMATION.  The portions of depositions at which CONFIDENTIAL INFORMATION is disclosed or discussed shall be transcribed separately and sealed.

3.   The acceptance by either party of the materials designated CONFIDENTIAL INFORMATION pursuant to this stipulation and order shall not constitute an admission or concession that, or permit an inference that, the CONFIDENTIAL INFORMATION is, in fact, confidential.  This Protective Order shall not foreclose either party from moving for an Order that any of the materials stamped or labeled CONFIDENTIAL INFORMATION are not, in fact, confidential or for moving for an Order permitting either party to disclose the CONFIDENTIAL INFORMATION to certain of its employees upon such employees signing an undertaking to be bound by the provisions of this protective order in the form attached hereto as Exhibit A.

3

4.    CONFIDENTIAL INFORMATION produced hereunder may be used by the parties or any other permitted recipient only for purposes of this litigation.  The restrictions on use of CONFIDENTIAL INFORMATION set forth in this Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Protective Order.

5.    After final termination of this action, counsel for the receiving party shall return all copies of the CONFIDENTIAL INFORMATION provided hereunder to counsel for the producing party or shall destroy such materials and certify the destruction to counsel for the producing party.

6.    The restrictions and obligations set forth herein relating to CONFIDENTIAL INFORMATION shall not apply to any information which the parties agree in writing, or the Court rules, that the protective order is released as to that information.  Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL INFORMATION if the parties agree in writing or the Court approves of said discussions.

///
///
///
///
///
///
///
///
///
///

4

7. This stipulated protective order applies only to the handling of CONFIDENTIAL INFORMATION prior to trial. The use by the parties at trial of any of the CONFIDENTIAL INFORMATION shall be subject to such restrictions as the court deems appropriate, if any.

Dated: August 14, 2009                     MUNDELL, ODLUM & HAWS, LLP


                                  By:    /s/ Thomas C. Mundell
                                         Thomas C. Mundell
                                         Pro hac vice
                                         Attorneys for Defendant


Dated: August 14, 2009                     WOODBURN AND WEDGE


                                  By:    /s/ W. Chris Wicker
                                         W. Chris Wicker
                                         Nevada Bar No. 1037
                                         Dane W. Anderson
                                         Nevada Bar No. 6883
                                         Attorneys for Plaintiff

--------------------------------------------------------------------------------
**ORDER**

IT IS SO ORDERED.

Dated: August 14, 2009

_____
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that I am an employee of the law offices of Woodburn and Wedge, 6100 Neil Road, Suite 500, Reno, Nevada 89511, and that on the 14th day of August, 2009, I served the foregoing document(s) described as follows:

### STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON

On the party(s) set forth below by:

    __X__ Case Management, Electronic Case Filing (CM/ECF)

addressed as follows:

Alice Mercado
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Third Floor
Reno, NV 89519

Thomas C. Mundell
MUNDELL, ODLUM & HAW, LLP
2829 Townsgate Road, Suite 102
Westlake Village, CA 91361

Dated this _____ day of August, 2009.

By: _____
An Employee of Woodburn and Wedge

6

## EXHIBITS TO STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON

Exhibit A – Protection Order

# Exhibit A

# Exhibit A

**EXHIBIT A**

I, _____ declare:

1.       My address is _____.

2.       I have received a copy of the stipulated protective order in Globe Turbocharger Specialties, Inc. v. AGL Manufacturing, Ltd., United States District Court Case No. 3:08-cv-00051-ECR-RAM. I have carefully read and understand the provisions of that stipulated protective order.

3.       I will comply with all of the provisions of the stipulated protective order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the stipulated protective order, and will not copy or use except for purposes of the above-described lawsuit, any information designated CONFIDENTIAL INFORMATION which I receive in this lawsuit, except to the extent that such CONFIDENTIAL INFORMATION is or becomes public information in accordance with the stipulated protective order.

4.       At the conclusion of the above-described lawsuit, I will return to counsel for the producing party all CONFIDENTIAL INFORMATION which I received in this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this document is executed this _____ day of _____, 2009, at _____.


_____
(SIGN AND PRINT NAME)

7